**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Hector ELIZONDO–HERNANDEZ,**
**Defendant—Appellant.**

No. 04–50382.

D.C. No. CR–03–00882–MJL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2005.

Decided April 14, 2005.

Patrick K. O'Toole, AUSA, Carol C. Lam, AUSA, Shanna L. Dougherty, AUS, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy A. Scott, Esq., San Diego, CA, for Defendant–Appellant.

Before WARDLAW, PAEZ, Circuit Judges, and BEISTLINE,* District Judge.

---

\* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

---

**MEMORANDUM** \*\*

Hector Elizondo–Hernandez appeals his conviction of three counts of illegal entry by an alien in violation of 8 U.S.C. § 1325.[1] Pursuant to Elizondo–Hernandez's conditional plea, he challenges the district court's denial of his motion to suppress statements that he made when approached and questioned by Border Patrol Agent Bova. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's denial of the motion to suppress.

Elizondo–Hernandez argues that his encounter with Bova was an investigatory seizure under the Fourth Amendment and was not supported by reasonable suspicion. The Fourth Amendment requires that law enforcement officers have reasonable suspicion or probable cause to justify searches and seizures, even seizures that involve only a brief detention short of an arrest. *See United States v. Mendenhall,* 446 U.S. 544, 551, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). A consensual encounter with a police officer, however, "will not trigger Fourth Amendment scrutiny unless it loses its consensual nature." *Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991).

Questioning by an officer constitutes a seizure under the Fourth Amendment only when, "taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'" *Id.* at 437, 111 S.Ct. 2382 (quoting *Michigan v. Chesternut,* 486 U.S. 567, 569, 108 S.Ct. 1975, 100

---

1. Because the parties are familiar with the facts of the case, we recite them only as necessary to explain our disposition.

L.Ed.2d 565 (1988)). This test presupposes that the reasonable person is an innocent person. *Id.* at 438, 111 S.Ct. 2382.[2]

In determining whether an encounter with a law enforcement officer constitutes a seizure, we consider the following factors: "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Mendenhall,* 446 U.S. at 554, 100 S.Ct. 1870. We also consider other factors, including the setting, *Chesternut,* 486 U.S. at 573, 108 S.Ct. 1975, and whether the officer's questioning implies that the stopped person is suspected of criminal activity, *United States v. Chavez–Valenzuela,* 268 F.3d 719, 724–25 (9th Cir.2001).

■ Elizondo–Hernandez argues that because Bova did not ask permission to speak with him, the encounter was a seizure. However, Bova's failure to obtain Elizondo–Hernandez's consent before asking questions did not on its own amount to a Fourth Amendment seizure. Nor did the encounter involve a sufficient show of authority to render it a seizure. In light of the totality of the circumstances, the encounter between Bova and Elizondo–Hernandez would not have "communicated to a reasonable person that he was not at liberty to ignore the police presence." *Bostick,* 501 U.S. at 437, 111 S.Ct. 2382.

■ Nonetheless, Elizondo–Hernandez argues that, even if he was not subjected to a Fourth Amendment seizure, under *Mena v. City of Simi Valley,* 332 F.3d 1255 (9th Cir.2003), *vacated and remanded*

by *Muehler v. Mena,* —— U.S. ——, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005), his Fourth Amendment rights were violated when he was questioned by Bova. This argument, however, is foreclosed by the Supreme Court's recent decision in *Muehler,* —— U.S. ——, at ——, 125 S.Ct. 1465, 1471, 161 L.Ed.2d 299. As in *Muehler,* Elizondo–Hernandez has not established that there was a "seizure within the meaning of the Fourth Amendment. Hence, the officer[ ] did not need reasonable suspicion to ask [Elizondo–Hernandez] for [his] ... immigration status." *Id.; see also INS v. Delgado,* 466 U.S. 210, 215, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984).

Thus, Elizondo–Hernandez's Fourth Amendment rights were not violated and the district court properly denied Elizondo–Hernandez's motion to suppress.

AFFIRMED.

---

2. "Whether an encounter between an individual and law enforcement authorities constitutes an investigatory stop is a mixed question of law and fact subject to *de novo* review."

*United States v. Kim,* 25 F.3d 1426, 1430 (9th Cir.1994). "Factual determinations underlying this inquiry are reviewed for clear error." *Id.*